UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN MCELROY,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, et al.,<br><br>Defendants. | No. 2:21-cv-00642 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants medically misdiagnosed him, prescribed him medication he did not need, and failed to provide effective emergency medical treatment. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 5) and his motion to appoint counsel (ECF No. 4). For the reasons set forth below, the court will recommend that the motion to proceed in forma pauperis be denied and deny the motion to appoint counsel.

**IN FORMA PAUPERIS**

**I.     In Forma Pauperis Statute**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

////

> [i]n no event shall a prisoner bring a civil action . . . [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in original)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II. Has Plaintiff Accrued Three Strikes?

A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Judges have previously found that plaintiff has accrued at least three strikes. See McElroy v. CHCF, 2:18-cv-00455-TLN-EFB (E.D. Cal. May 22, 2019); McElroy v. CHCF Chief Classifications Services, 2:17-cv-01739-JAM-KJN (E.D. Cal. Nov. 7, 2017); McElroy v. Turner, No. 2:12-cv-1182-CMK (E.D. Cal. Aug. 13, 2012). The court takes judicial notice of those cases and plaintiff's prior filings described therein. MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts). Those cases include: (1) McElroy v. Gebbmedin, No. 1:08-cv-0124-LJO-GSA (E.D. Cal. Dec. 11, 2008) (order dismissing action for failure to state a claim); (2) McElroy v. Schultz, No. 1:08-cv-0179-OWW-MJS (E.D. Cal. Apr. 30, 2010) (order dismissing action for failure to state a claim); (3)McElroy

1  v. CDC, 2:08-cv-0733-HWG (E.D. Cal. June 3, 2009) (order dismissing action for failure to state
2  a claim); (4) McElroy v. Ground, No. 1:13-cv-483-MJS (E.D. Cal. Nov. 1, 2013) (order
3  dismissing action for failure to state a claim).  The strikes described all occurred prior to
4  plaintiff's initiation of the present action on April 9, 2021.

**III.    Does Plaintiff Meet the Imminent Danger Exception?**

Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed plaintiff's complaint.  (ECF No. 1.)  Therein plaintiff alleges that defendants wrongly diagnosed him with a medical condition and prescribed unnecessary medication.  (Id. at 3.)  Plaintiff also states defendants did not provide him effective medical urgent care.  (Id. at 4.)  These allegations fail to show that he was under imminent threat of serious physical injury at the time he filed the complaint.  Accordingly, the court finds that plaintiff does not meet the imminent danger exception described in § 1915(g) and should only be allowed to proceed with this action if he pays the filing fee.

////
////

**MOTION TO APPOINT COUNSEL**

Plaintiff has filed a motion for the appointment of counsel. (ECF No. 4.) Therein, he argues counsel should be appointed because the case is factually complex, his imprisonment will limit his ability to conduct an investigation, a trial will likely involve conflicting testimony better suited for an experienced attorney, he is unable to effectively present his claims due to his lack of legal training, and he believes his case has merit. (Id. at 4-5.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's arguments in support of his motion allege nothing more than circumstances common to most inmates. Additionally, though plaintiff may claim that he is likely to succeed on the merits, the court is unable to determine plaintiff's likelihood of success on the merits at this stage of the proceedings. Accordingly, the court will deny the motion without prejudice.

////
////
////
////
////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. That plaintiff's motion for the appointment of counsel (ECF No. 4) is denied; and

2. The Clerk of the Court is directed to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) be denied;

2. The court find plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action; and

3. The court order plaintiff to pay the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in a waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 2, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/R/mcel0642.3strikes+31

5