UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LATWAHN MCELROY,

          Plaintiff,

   v.

WARDEN, et al.,

          Defendants.

No. 2:21-cv-00642 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is plaintiff's motion to recuse. (ECF No. 14.) For the reasons set forth below, this motion will be denied.

## I.    Motion for Recusal

Plaintiff's motion is entitled "Motion for correctiveness [sic] of the record; Writ of Mandate and/or order for show of cause in whether recusal of D. Barnes is requireable and timely upon the record." (ECF No. 14 at 1.) This motion requests the recusal of the undersigned. (Id.) It also argues in favor of granting plaintiff's motion to appoint counsel and request to proceed in forma pauperis ("IFP"). (Id. at 4.) The court previously denied plaintiff's motion to appoint counsel.[1] (ECF No. 8.) The court filed findings and recommendations that recommended

---

[1] Plaintiff's motion to appoint counsel was denied without prejudice. (ECF No. 8.) The present motion does not appear to be a new motion to appoint counsel but instead argues the previous motion should be granted. (See ECF No. 14.) To the extent that plaintiff intended to bring a new motion to appoint counsel, plaintiff may still do so.

plaintiff's request for IFP status be denied.  (Id.)  Plaintiff already filed objections to those findings and recommendations.  (ECF No. 13.)  As the motion to appoint counsel was previously denied (ECF No. 8) and plaintiff has already filed objections to the findings and recommendations (ECF No. 13), plaintiff's motion appears to solely be a motion to recuse and will be considered as such.

Plaintiff's motion to recuse is based on the undersigned's denial of the motion for appointment of counsel and recommendation that the IFP motion be denied.  (Id.)  Plaintiff states, "the act and subjection to discrimination and disability also brings about the instant protection of unalienable codification(s) and reasoning for recusal of Magistrate/Judges (D. Barnes) found of misconduct and such failure to give way to remedy from those malconditions."  (Id. at 3.) Plaintiff requests recusal "due to disability, misconduct, and/or deprivation of a constitutional guarantee that is repetitive, erroneous misstatements and cannot support the denials issued by D. Barnes."  (Id.)  The alleged misconduct referenced by the plaintiff is the undersigned's denial of the motion to appoint counsel and recommendation that the IFP motion be denied.  (Id. at 2-3.)

## II.     Legal Standards

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."  28 U.S.C. § 144; See also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008), abrogated on other grounds in Simmons v. Himmelreich, 136 S. Ct. 1843 (2016).  Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  United States v. Axhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must arise "from an extrajudicial source" and cannot be based solely on information gained in the

course of the proceedings.  Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994)).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id. at 1044 (quoting Liteky, 510 U.S. at 555).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.; Pesnell, 543 F.3d at 1044.  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).  Further, judicial rulings alone "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" for a finding of bias or partiality.  Liteky, 510 U.S. at 555.

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted) (citing Clemens v. U.S. Dist. Court for the Cent. Dist. of Cal., 428 F.3d 1175, 1178 (9th Cir. 2005)).  "Adverse findings do not equate to bias."  Id. at 1148.

### III.    Analysis

Plaintiff's present motion to recuse is substantively insufficient under § 144.  Plaintiff fails to allege any facts that establish the undersigned has exhibited bias or prejudice which arose from an extrajudicial source.  See U.S. v. Sibla, 624 F.2d 864, 868 (9th Cir. 1980) ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."); Pesnell, 543 F.3d at 1043-44.

Plaintiff's motion for recusal arises solely out of judicial actions taken by the undersigned.  Plaintiff alleges that the undersigned denying his motion for appointment of counsel and recommending his motion for IFP be denied amounts to misconduct.  (ECF No. 14 at 3.)  Based solely on the supposed misconduct of denying and recommending that these motions be denied,

1   plaintiff asserts the undersigned should be recused.  (Id.)  Plaintiff's disagreement with prior

2   orders is not grounds for recusal.  Liteky, 510 U.S. at 555.  As the Supreme Court has noted,

3   "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Id.

4   When a party disagrees with a judicial ruling, appeal, not recusal, is the appropriate solution.  See

5   Id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an

6   extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or

7   antagonism required . . . when no extrajudicial source is involved.  Almost invariably, they are

8   proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir.

9   1999) ("[Plaintiff's] allegations stem entirely from the district judge's adverse rulings.  That is not

10  an adequate basis for recusal.") (citations omitted).

11       Given the above, plaintiff has not established bias or partiality requiring recusal of the

12  undersigned.  Plaintiff's motion does not present any grounds for recusal that would cause a

13  reasonable person to conclude the impartiality of the undersigned was in question.  Johnson, 610

14  F.3d at 1147.

15       Accordingly, plaintiff's motion to recuse (ECF No. 14) will be denied.

16  **IV.   Conclusion**

17       For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff's motion for

18  recusal (ECF No. 14) is denied.

19  Dated: August 24, 2021

20

21

22                                  DEBORAH BARNES
                                    UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28  DB:14
    DB/DB Prisoner Inbox/Civil Rights/S/mcel0642.recuse

                                        4